# WR-34,395-26

```
CSINIB02/CINIB02      TEXAS DEPARTMENT OF CRIMINAL JUSTICE          04/17/15
T014/TSH7990              IN-FORMA-PAUPERIS DATA                    09:06:26
TDCJ#: 00645333 SID#: 04576939 LOCATION: TELFORD         INDIGENT DTE:
NAME: WHALEY,MICHAEL DEWAYNE          BEGINNING PERIOD: 10/01/14
PREVIOUS TDCJ NUMBERS:
CURRENT BAL:         185.80 TOT HOLD AMT:        0.00 3MTH TOT DEP:      100.00
6MTH DEP:            150.00 6MTH AVG BAL:      109.66 6MTH AVG DEP:       25.00
MONTH HIGHEST BALANCE TOTAL DEPOSITS:   MONTH HIGHEST BALANCE TOTAL DEPOSITS:
03/15     165.25          50.00         12/14      103.06           0.00
02/15     141.06          50.00         11/14      103.06           0.00
01/15     103.06           0.00         10/14      113.06          50.00
PROCESS DATE   HOLD AMOUNT   HOLD DESCRIPTION
```

STATE OF TEXAS COUNTY OF _Bowie_
ON THIS THE _17_ DAY OF _April_ ,_2015_ I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE,AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____ OR SID NUMBER: _____



TAMMY SHARP
My Commission Expires
November 26, 2017
NOTARY WITHOUT BOND
NOTARY PUBLIC STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 22 2015

Abel Acosta, Clerk

No. W 91-45041-S (G); W 92-36477-S (F); W 93-01488-S (F)

In The

Court of Criminal Appeals
Austin, Texas

Michael Whaley

V.

The State of Texas

From Appeal No. WR-34,395-96

Trial Cause No. 91-45041, 92-36477, 93-01488

First Request For Rebuttal To File For Discretionary Review

To The Honorable Judges of the Court of Criminal Appeals:

Comes Now, Michael Whaley, Petitioner and files this Rebuttal for an Questionnaire on the Designated Resolution of One Hundred eighty days (180) days elapsed in which to file a Petition for Discretionary Review. In Support of this Rebuttal, appellant shows the court the following:

Date: 4-1-2015 - Official Notice From Court of Criminal Appeals of Texas. "This is to advise that the Court denied without written order motion for leave to file the original application for Writ of Mandamus."

## I.

The Petitioner was Convicted in the District Court Dallas County, Texas 282nd. Judicial District of the offense(s) of two (2) aggravated robberies, and engaging in organized criminal activity, in cause No. 91-45041, No. 92-36477, No. 93-01488 styled State of Texas v. Michael Whaley. The Petitioner appealed to the Court of appeals, Whaley v. State, No. 11-93-00127-CR (Tex. App.-Eastland Dec. 9, 1993, No Pet.) Supreme Judicial District. The case was affirmed on June 9, 1993.

## II.

The Present deadline for filing the Petition for Discretionary Review is March 17, 2015 The Petitioner has not requested any extention to this request.

## III.

Petitioner's request for an Rebuttal is based on the following facts:

1.

Petitioner was not informed of the decision nor grounds that was argued of the court of appeals in affirming his case until June 14, 2019. Since that time Petitioner has been attempting to gain legal representation in this matter. His attorney on appeal:

1. Brook A. Busbee, Attorney at Law, 703 McKinney Avenue, Suite 210 "The Brewery" Dallas, Texas 75802 / (214) 754-9090 .... appearing for defendant.

2. Mr. David Richard, 13355 Noel Rd., Suite 500, Dallas, Tx 75240 / Phone #: 214/851-3515 Appeal attorney for defendant.

3. Honorable John Vance, Criminal District Attorney, Dallas, Texas ...
by: Hon. Janet Wright, Hon. Toby Shook, assistant District attorney, Dallas, Texas ... appearing for the state.

4. Wayne H. Olmsted, certified courts Reporter, Judicial District Court Frank Crowley Courts Building Dallas, Texas ... Telephone: 214/653-5853, Certificate No. 1238, Expiration Date: 12/31/93.

## IV.

### Grounds For Relief.

Legal citation of authority in enforcing laws:

1. House Bill (H.B.) 498 (McClendon): Relating to the establishments of an advisory Panel to assist with a study regarding the Preventation of wrongful convictions.
2. State Bill (S.B.) 1976 (Whitmire), State Bill (S.B.) 2337 (Whitmire), and House Bill (H.B.) 3579 (Gallego): Relating to Procedure for applications for Writs of Habeas Corpus based on Scientific evidence establishing the innocence of a criminal defendant.

Under the authority:

### Vernon's Ann. C.C.P. art. 4.04 §1.

3. "Jurisdictional Defect"... in a law indictment is a defect which renders the indictment insufficient in that it fails to allege the constituent elements of the offense. see Green v. State, 571 S.W. 2d 13. see U.S. v. Cabrera-Teran cite as 168 F. 3d 141 Pg. 143.

## V.

### Facts of the Case.

In a collateral attack, however where the burden is upon the applicant to establish the illegality of his restraint, it appropriate to require an applicant to plead and prove facts showing the error did in fact contribute to his conviction or punishment. See. Ex parte Crispin, supra, at 109 n.6 under Milton v. Wainwright, 407 U.S. 371. 92 S.ct. 2174, 33 L.Ed. 2d 1 (1972).

It is true that in a direct appeal from a criminal conviction, any error mandates reversal "unless the appellate court determines beyound a reasonable doubt that the error made no contribution to the conviction or to the punishment.— See. Ex parte Crispin. 777 S.W. 2d 103 (Tex. Cr. App. 1989).—

_arguendo_ that the motion was brought to the attention of the court of criminal Appeals the latter has a duty to consider and rule upon it. — See. In re Bates, 65 S.W. 3d 133, 134-135 (Tex. App. Amarillo 2001 orig. proceeding). In re Ramirez 994 S.W. 2d 682-683 (Tex. App. San Antonio 1998, orig. proceeding). This is so because the act of considering it is ministeral. In re Bates, 65 S.W. 3d at 134-135; Safety-Kleen Corp. v. Garcia. 945 S.W. 2d 268-269 (Tex. App.— San Antonio 1997, orig. proceeding), quoting O' Donniley v. Golden. 860 S.W. 2d at 269-70.

## VI.

### Argument and Authorities.

The Fourteenth (14th.) Amendment to the Constitution requires no defendant in a criminal trial shall be convicted without due process of law. The Fifth (5th.) and Fourteenth (14th.) Amendments both contain due process clauses.

To challenge the sufficiency of evidence defendant must show no Evidence was introduced on a /an element(s) of the offense inorder to obtain a writ of Habeas Corpus. see. Ex parte Lilly. 656 S.W. 2d 490 (Tex. Crim. App. 1983)

Counsel was ineffective where he/she did not consult with defendant did not review prosecutor's file. and had not properly reviewed the enhancement allegations. see. Strickland v. Washington. 466 U.S. 668, 104 S.ct. 2052 (1984) and Butler v. State. 716 S.W. 2d 48 (Tex. Crim. App. 1986).

3.

## VII.

<u>Declaratory.</u>

Defendant feel the sentences was excessive because "No Evidence" is the fact supportive factor of the said convictions. Which is a constitution of the United States as well the Constitution of the State of Texas violation clearly. examined from the <u>Vernon's Ann. Tex. C.C.P. art. 1.15</u> and <u>U.S.C.A. Const. Amend. 5</u>-

Because of these reasons. I am hoping that the Necessary trial officials, en banc, will discuss the possibility of a favorable recommendation in my case.

<u>Prayer.</u>

Wherefore, Applicant Prays this Honorable Court, conduct an evidentary hearing make finding of fact(s), and thereafter direct an order to transmit the record thus developed to the proper, right courts as required by <u>act. 11.07</u> <u>(d) V.A.C.C.P.</u> for further action by the court, Iranting relief to which the Applicant is entitled.

Respectfully Submitted.

*Michael W Shaley*

<u>Certificate of Service.</u>

I. certify that a true and correct copy of the above and fore Joing first Request for Rebuttal to file for a Discretionary Review has been forwarded. by U.S. mail postage Prepaid first class to the Attorney for Representdant.

(1) <u>Brook A. Busbee, Attorney at Law, 703 Mc Kinney Avenue, Suite 210 " The "Brewery"</u> <u>Dallas, Texas 75802 / (214) 754-2090</u>

(2) <u>Mr. David Richard, 13355 Noel Rd. Suite 500, Dallas, Tx 75240 / Phone #: 214/851-3515</u>

(3) <u>Honorable John Vance, Criminal District Attorney, Dallas, Texas / 282nd. Judicial</u> <u>District Court Dallas County, Texas.</u>

(4.) <u>The State Prosecuting Attorney, P.O. Box 12405, Austin, Tx 78711</u>

on this _____17th._____ date of April _____ 20_15_____.

*Michael W Shaley*

Petitioner, Pro se

4

I, Michael Whaley _____ , T.D.C.J. # 645333

being presently incarcerated in the Barry Telford _____ unit of the Texas Department of Criminal Justice in New Boston _____ County, Texas Verify and declare under penalty of Perjury that the foregoing statements are true and correct. Executed on this ____ 17th. ____ day of April ____ , 20 15 .

_____
Michael Whaley _____ , T.D.C.J. # 645333

Verifications.

I, Michael Whaley _____ , understand the condition of Perjury and determine whether findings are supported by the evidence. Exhibit "A"

The Certificate of Reporter ; transcription of the proceedings.
by Wayne H. Olmsted. C.C.R. / 282nd. Judicial District Court / Frank Crowley Courts Building / Dallas, Texas / Telephone: 214 / 653-5853 / Certificate No. 1238 / Expiration Date: 12 / 31 / 93 Pg. # 13 / lines # 11, # 12, # 13 reflects exhibits as "No Evidence."

Respectfully Submitted.

_____
Michael Whaley

5

# CERTIFICATE OF REPORTER

THE STATE OF TEXAS            /

COUNTY OF DALLAS            /

I, WAYNE H. OLMSTED, Official Court Reporter in and for the 282nd Judicial District Court of Dallas County, State of Texas, do hereby certify that the above and foregoing is a true and accurate transcription of the proceedings in the above entitled and numbered cause, all of which occurred in open court and were reported by me.

I further certify that this transcription of the proceedings truly and correctly reflects the exhibits if any, identified and/or admitted by the parties.

WITNESS MY HAND this the _____ day of September A.D., 1993.

WAYNE H. OLMSTED, CCR

282nd Judicial District Court

Frank Crowley Courts Building

Dallas, Texas

Telephone: 214/653-5853

Certificate No. 1238

Expiration Date: 12/31/93

WAYNE H. OLMSTED, CERTIFIED COURT REPORTER            13